UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RHONDA T.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5867 JCC

ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her testimony and finding her impairments did not medically equal a listed impairment. Dkt. 9. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

I.     BACKGROUND

Plaintiff is currently 43 years old, has a high school education, and has worked as a receptionist. Administrative Record (AR) 35, 23. Plaintiff applied for benefits in May 2015, alleging disability as of June 1, 2014. AR 81. Plaintiff's application was denied initially and on reconsideration. AR 80, 88. After the ALJ conducted a hearing on June 8, 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 29, 15-23.

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that, from the alleged onset date of June 1, 2014, to the September 30, 2017, date last insured:

Step one: Plaintiff did not engage in substantial gainful activity.

Step two: Plaintiff had the following severe impairment: migraines.

Step three: Her impairment did not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff could perform work at all exertional levels. She could occasionally climb ladders, ropes, or scaffolds. She could tolerate occasional exposure to hazards, bright lights, loud noise, vibration, temperature or humidity extremes, and concentrated levels of pulmonary irritants.

Step four: Plaintiff could perform past relevant work as a receptionist and thus was not disabled.

Step five: The ALJ did not reach step five.

AR 17-23. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

## III. DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A. Plaintiff's Testimony

At the 2017 hearing, Plaintiff testified she had migraines almost once a week. AR 46, 48. Her migraines cause nausea and vomiting. AR 61-63. She cannot do anything during a migraine. AR 64. Plaintiff kept a journal documenting her migraines from June 2015 to April 2016, which showed one to four migraines each month. AR 236-46.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony based on a lack of supporting medical evidence, minimal treatment, and inconsistency with her daily activities. AR 21.

#### 1. Overall Medical Record

An ALJ cannot reject a claimant's symptom testimony "solely because the available

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. § 404.1529(c)(2). An ALJ may, however, reject the claimant's subjective symptom testimony when it is affirmatively contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Here, the ALJ found that the overall medical evidence did not support Plaintiff's testimony. AR 21. The Commissioner goes farther and argues that Plaintiff's testimony is "contradicted by the objective medical record." Dkt. 10 at 8. The Commissioner does not, however, identify any objective medical evidence that affirmatively contradicts Plaintiff's testimony.

None of the evidence the ALJ relied on undermines Plaintiff's testimony. The ALJ noted that neurological findings were normal, but did not explain what abnormal findings would be expected with migraines or how normal neurological findings contradict Plaintiff's symptom testimony. AR 21. The record indicates that a "head CT" was ordered because of "red flags" including Plaintiff's "family history of aneurysms." AR 285. Even after the "CT of the head was normal" Plaintiff's providers continued to diagnose and treat migraines. AR 281. Plaintiff's cranial nerves, sensation, reflexes, gait and coordination were intact, but no doctor suggested this was inconsistent with her diagnosis of migraines or her reported symptoms. *See* AR 292-93, 298, 304, 448.

The ALJ also pointed out that Plaintiff "consistently appeared healthy and not in acute distress during treatment visits." AR 21. But migraines are a periodic, not constant, impairment and Plaintiff's appearance when not suffering from a migraine reveals nothing about how migraines affect her.

The Court concludes the ALJ erred by rejecting Plaintiff's testimony based on lack of

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

support in the medical record.

### 2. Minimal Treatment

An "unexplained or inadequately explained failure" to seek treatment or follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a claimant's proffered reasons. *Trevizo*, 871 F.3d at 679-80. The ALJ discounted Plaintiff's testimony because in February 2015 she declined to try another prophylactic medication at that time, and because she went "for long periods without taking any medication to address her condition." AR 21 (citing AR 278-85, 297, 303-04, 313). However, the ALJ failed to address the Plaintiff's reasons, including the effects of pregnancy and breastfeeding, and side effects of the medications.

During the relevant period from June 2014 to September 2017, Plaintiff was pregnant and then breastfeeding from roughly March 2015 to March 2017. AR 290, 298. She testified that she did not have migraines for the first six months of her pregnancy. AR 51. Plaintiff testified that when the migraines started again, her obstetrician prescribed Fioricet, which the ALJ described as a "low-level" pain medication, to help when she got a migraine because it "wouldn't hurt the baby." AR 53. Plaintiff's neurologist recommended avoiding prophylactic medication while she was breastfeeding. AR 449.

In February 2015, Plaintiff stopped a prophylactic medication, Topamax, because it caused tingling and numbness in her hands and feet. AR 278. At that time, she declined to try another prophylactic medication. AR 279. In a March 2017 treatment note, Plaintiff's provider noted that she had tried "multiple therapies" including Topamax, which she "did not tolerate" and resulted in "no improvement in" symptoms; Relpax, which "was successful initially then w[a]ned in effectiveness"; and sumatriptan, which Plaintiff "does not tolerate orally." AR 298.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

The provider discussed trying propranolol, or sumatriptan by another delivery method, and Plaintiff agreed to start medication when she finished breastfeeding. AR 298-99. The record contains no treatment notes from after March 2017. *See* Dkt. 6 at 4, Court Transcript Index.

The ALJ also noted that Plaintiff testified to adverse side effects but found this testimony was "not supported fully by the record and [did] not account for her failure to exhaust potential treatment options for her condition." AR 21 (citing AR 278, 293). In support, the ALJ cited to a treatment note documenting side effects, and a December 2015 consultative report stating that Plaintiff "has not been evaluated by a neurologist as far as I can tell, nor has she exhausted the potential interventions as far as migraine management." AR 293. Nothing in the record undermines Plaintiff's testimony regarding side effects. *See* AR 278 (Topamax caused tingling and numbness), 298 (Plaintiff "did not tolerate" Topamax or sumatriptan orally). Plaintiff did see a neurologist in September 2016. AR 447-50. And the ALJ has not identified any treatment recommendations that Plaintiff did not follow. Substantial evidence does not support the ALJ's findings.

Under the circumstances, Plaintiff declining to try a new medication on one occasion in February 2015, when the record shows she had tried several medications by March 2017, is not the type of clear and convincing reason that is needed to discount a claimant's testimony. The ALJ also erred by failing to address Plaintiff's reasons for not using medication at times, which included a lack of migraines in early pregnancy, avoiding medication while pregnant and breastfeeding, and side effects. *See Trevizo*, 871 F.3d at 679-80.

The Court concludes the ALJ erred by discounting Plaintiff's testimony based on lack of treatment.

### 3. Activities of Daily Living

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found that Plaintiff "was able to perform all activities of daily living independently," including child care, household chores, errands, driving, and socializing. AR 21 (citing AR 291, 200-03). The evidence the ALJ cited reflects Plaintiff's self-reports that she is able to maintain daily living activities *unless* she has a migraine. *See* AR 200 ("can't go outside or drive with a migraine"), 201 (husband does house and yard work when Plaintiff has migraine), 291 (able to do self-care and house and yard work "when she is not suffering from a migraine"). This does not contradict Plaintiff's testimony or show that she is able to maintain employment.

Plaintiff reported that when she had a migraine her husband often had to miss work to help her with their young children. AR 53-57. The ALJ found that Plaintiff "failed to mention this level of debilitation during her treatment visits and consultative medical examination." AR 21-22. The record shows that Plaintiff consistently reported a high level of debilitation. A June 2014 treatment note shows that Plaintiff reported that her migraines cause "nausea and vomiting. Lights and sounds make it worse. [The migraines] usually come about every week and last for three days. She had one recently that lasted seven days." AR 284. In June 2016 Plaintiff reported having migraines "approximately one per week. They can last about three days. Pain gets up to 8/10 in intensity. For the first day she just vomits. Located on the left side of her head and is a stabbing pain." AR 438. At her December 2015 consultative examination Plaintiff reported that she has migraines "about once a week, and they last for several days. She has nausea and vomiting and photophobia. She finds the headaches to be debilitating." AR 290.

Because doctors' visits are focused on diagnosis and treatment, not on evaluating functional limitations, there is no reason for doctors' notes to mention that Plaintiff's husband must miss work to help Plaintiff when she has a migraine. The ALJ's inference, that the failure of treatment notes to report on Plaintiff's husband's activities casts doubt on Plaintiff's testimony, is not a reasonable one. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

The record consistently shows that Plaintiff is able to maintain normal activity only when not suffering from a migraine. The ALJ's finding that her activities contradict her testimony is unsupported by substantial evidence. The Court concludes the ALJ erred by discounting Plaintiff's testimony based on her daily activities.

    4. <u>Harmful Error</u>

The ALJ erred by discounting Plaintiff's testimony without a clear and convincing reason. The error was harmful because the RFC did not include all limitations to which Plaintiff testified, and thus the ALJ may have relied at step four on a job that Plaintiff can no longer perform. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). On remand, the ALJ must reevaluate Plaintiff's testimony.

**B. Listing 11.02**

Relying entirely on her own testimony, Plaintiff argues that her impairment medically equals Listing 11.02, epilepsy. Dkt. 9 at 4-6. Specifically, Plaintiff contends she meets 11.02D because she has the equivalent of dyscognitive seizures at least once every two weeks for three consecutive months and "marked limitation" in physical functioning. *Id.*; 20 C.F.R. Part 404, Subpart P, App. 1 at 11.02D. "Dyscognitive seizures are characterized by alteration of

consciousness…. During the seizure, blank staring, change of facial expression, and automatisms (such as lip smacking, chewing or swallowing, or repetitive simple actions, such as gestures or verbal utterances) may occur." 20 C.F.R. Part 404, Subpart P, App. 1 at 11.00H1b. Examples of physical functioning include "[s]tanding up from a seated position, balancing while standing or walking, or using both your upper extremities for fine and gross movements…." *Id.* at 11.00G3a. There is no evidence in the record showing Plaintiff's migraines cause alteration of consciousness or impair her abilities to stand, walk, or use her arms. A claimant bears the burden to provide proof that she is disabled. 20 C.F.R. § 404.1512(a). The Court concludes the ALJ did not harmfully err by failing to find Plaintiff's impairments medically equaled the listed impairment of epilepsy.

### C. Scope of Remand

Plaintiff requests the Court remand for an award of benefits. Dkt. 9 at 12. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, enhancement of the record would be useful. For a substantial portion of the relevant period, Plaintiff was pregnant or breastfeeding, which affected her medical condition as well as the available treatment. The medical record ends in March 2017 with Plaintiff's intent to begin medication as soon as she stopped breastfeeding. AR 298-99. The record contains no evidence as to how successful the new treatment regime was. Accordingly, the Court remands the case for further administrative proceedings.

IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reconsider Plaintiff's testimony, reevaluate the RFC if necessary, and proceed to steps four and five as needed.

DATED this 20th day of May, 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE